IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TYRONE RAMSEY, )
)
      Petitioner, )
)
v. ) Case No. CIV-17-584-F
)
B.M. ANTONELLI, Warden, )
F.C.I. El Reno, )
)
      Respondent. )

## REPORT AND RECOMMENDATION

Tyrone Ramsey (Petitioner), a federal inmate confined in this judicial district, brings this action under 28 U.S.C. § 2241, "challenging the validity of [his] conviction or sentence as imposed" on July 19, 2012, in the United States District Court for the District of Kansas, Case No. 09-CR-20046-CM. Doc. 1, at 1, 4.[1] United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

On review of the petition, Doc. 1, at 1-9, the incorporated supporting memorandum, *id.* Att. 1, and the record in *United States v. Ramsey*, Case No.

---

[1] Citations to a court document are to the document's electronic case filing designation and pagination. Unless otherwise indicated, quotations are verbatim.

09-cr-20046-CM (D. Kan. Mar. 24, 2010 – Apr. 24, 2017),[2] the undersigned recommends the summary dismissal, without prejudice, of this matter for lack of jurisdiction.

I.  **History and Petitioner's claims.**

   A.  **Criminal proceeding.**

The amended judgment entered in Petitioner's criminal proceeding on August 15, 2012, reflects his plea of guilty to one count of Conspiracy to Distribute and Possess With Intent to Distribute Heroin under 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(I), and 846. No. 09-cr-20046-CM, Doc. 762, at 1. The court sentenced him to a term of 188 months. *Id.* at 2. According to the record, Petitioner did not file a direct appeal or a motion under 28 U.S.C. § 2255 to vacate his sentence.[3]

---

[2]  *See* Fed. R. Evid. 201; *see also United States v. Pursley,* 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting court's "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters bearing directly upon the disposition of the case at hand") (internal quotation marks omitted).

[3]  Petitioner does not claim otherwise in this Court. He affirmatively states he entered a guilty plea to "count-one [and n]o appeal was taken." Doc. 1, at 3. And after expressly acknowledging that "[i]n this petition" he is "challenging the validity of [his] conviction or sentence as imposed," he denies "[h]av[ing] already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence . . . ." *Id.* at 4.

**B. Section 2241 petition and supporting memorandum.**

In the instant action, Petitioner, who appears pro se,[4] maintains he is "being held in violation of the Constitution, laws, or treaties of the United States" because he "is innounce of the enhancement penalty for the victim's death or serious bodily injury under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C)." Doc. 1, at 7. Where called on in the "Request for Relief" section of his form petition to "[s]tate exactly what you want the court to do," Petitioner directs the court to the "enclosed memorandum of law detailing the relief requested." *Id.* at 8. Where prompted to "[e]xplain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence," Petitioner responds, "New substantive rule of law applicable to cases in habeas proceedings." *Id.* at 5. And he, once again, directs the court to his "enclosed memorandum of law in support." *Id.*

In that memorandum, Petitioner contends "Burrage v. United States, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014), announce a new substantive rule of law applicable to cases in habeas proceedings. This case also apply to [Petitioner's] case." *Id.* Att. 1, at 1. He submits that

> [i]n Burrage, the Court "hel[d] that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21

---

[4] The court "must construe [a pro se litigant's] arguments liberally . . . ." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

U.S.C. § 841(b)(1)-(c) unless such use is a but-for cause of the death or injury.

*Id.* at 3. He claims "[n]ew Supreme Court decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively . . . ." *Id.* at 4. And, he contends "[t[he evident utilized to convict and sentence is not sufficient to suipport the 'but-for' causation. Burrage, 134 S.Ct. at 891. It render [Petitioner's] sentence unlawful and unconstitutional." *Id.* He argues that "numerous district courts and Court of Appeals had held Burrage is retroactive, and in some case the government has conceded its retroactive," *id.*, and he asks this Court to "hold that Burrage is retroactive under 28 U.S.C. 2241, and grant releif to correct this sentence error." *Id.* at 5.

Petitioner, acknowledging that a § 2241 petition is typically used to challenge the fact or length of confinement, *id.* at 2, expressly invokes "Section 2255(e)'s 'saving clause'" and argues it is available "'when an adequate or effective means for testing a § 2255 [motion] was genuinely absent.'" *Id.* at 2-3 (quoting *Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011)). He claims he "could not use a first motion under § 2255 to obtain relief on a basis not yet established by law." *Id.* at 3.[5] Petitioner maintains that

---

[5] Petitioner, who did not file a *first* "motion under 28 U.S.C. § 2255 that challenged this conviction or sentence," Doc. 1, at 4, further claims he "could not use a second or other successive motion to obtain that releif because the basis on which he seeks relief is neither newly discovered evidence nor a new rule of constitutional law." Doc. 1, Att. 1, at 3.

4

> [a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicitial recitification of so fundamental a defect in his conviction as having been imprisoned for a nonexistet offense, or that "serious constitutional questions" require further consideration of his Burrage claim.

*Id.*

## II. Analysis.

"A petition brought under § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks omitted). "A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence." *Id.* (brackets and internal quotation marks omitted).

Petitioner is admittedly challenging his conviction's validity, Doc. 1, at 4, so § 2241 gives him an avenue for relief only "under the limited circumstances provided in the so-called 'savings clause' of § 2255." *Brace*, 634 F.3d at 1169. Under that clause—§ 2255(e)—it may be appropriate for Petitioner to challenge his conviction's legality through a § 2241 petition "if the remedy by § 2255 motion is inadequate or ineffective . . . ." *Id.* (brackets and internal quotation marks omitted). "However, [a] § 2255 [motion] will rarely be an inadequate or ineffective remedy to challenge a conviction." *Id.* "A remedy is available under § 2241 only if a claim procedurally could not have

been raised at all via § 2255, such as when the original sentencing court has been dissolved or is unresponsive." *Boyce v. Berkebile*, 590 F. App'x 825, 826 (10th Cir. 2015).

The "measure" of § 2255's adequacy and effectiveness "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Id*. "[T]he clause is concerned with process—ensuring the petitioner an *opportunity* to bring his argument—not with substance—guaranteeing nothing about what the *opportunity* promised will ultimately yield in terms of relief." *Id*.

"[P]etitioner bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective." *Brace*, 634 F.3d at 1169. Here, Petitioner claims he "could not use a first motion under § 2255 to obtain relief on a basis not yet established by law." Doc. 1, Att. 1, at 3. It is true that the court entered its amended judgment in Petitioner's criminal proceeding on August 15, 2012, *see supra* § I.A., over seventeen months before *Burrage* was decided on January 27, 2014. *See Burrage v. United States*, 134 S. Ct. 881 (2014). Nonetheless, "the fact that [Petitioner] may not have *thought* of a [*Burrage*]-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an

6

argument." *Prost*, 636 F.3d at 589. "The § 2255 remedial vehicle was fully available and amply sufficient to test the argument, whether or not [Petitioner] thought to raise it." *Id.* at 589. Petitioner, however, did not file a § 2255 motion to raise that or any other issue. And, then, when the Supreme Court decided *Burrage* on January 27, 2014, and, in Petitioner's view, "announce[d] a new substantive rule of law," Doc. 1, Att. 1, at 1, Petitioner still did not file a § 2255 motion. He did not seek *any* habeas relief until he filed the instant § 2241 petition in this Court on May 23, 2017. Petitioner fails to establish that he lacked the opportunity to raise his *Burrage* challenge through a first 2255 motion.[6]

"[T]he savings clause is satisfied so long as a petitioner could[ ha]ve raised his argument[s] in an initial § 2255 motion . . . ." *Prost*, 636 F.3d. at 588. "[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative." *Id.* at 589. Petitioner "fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—[and] the court lacks statutory jurisdiction to hear his habeas claims." *Abernathy*, 713 F.3d at 557.

---

[6] To the extent Petitioner asserts actual innocence, *see* Doc. 1, at 7, "'a showing of actual innocence is irrelevant' to whether a remedy under § 2255 is inadequate or ineffective." *Camick v. United States*, --- F. App'x ---, No. 17-3013, 2017 WL 1526233, at *2 (10th Cir. Apr. 28, 2017) (quoting *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013)).

### III. Recommendation and notice of right to object.

Petitioner fails to demonstrate that the remedy under § 2255 was inadequate to test the validity of his conviction and sentence, and the undersigned recommends the dismissal without prejudice of Petitioner's action for lack of jurisdiction. Doc. 1.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before August 28, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned instructs the Clerk of Court to mail a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 8th day of August, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE